Totten, J.,
delivered the opinion of the court.
By the charter of the Union Bank of Tennessee, (1832, ch. 2, art. 11,) it is provided, that paper having-over ninety days and under six months to run to maturity, may be discounted at the rate of seven peí-cent per annum. If this provision in the charter be valid under the constitution, there is no usury in this case; if invalid, there is usury to the extent of one *118 per cent, as charged in tbe bill; and this is the question which we are to consider.
The counsel for the plaintiff, in stating their argument, say that, by the general law, (1819, ch. 32,) in force now and at the date of said charter, the legal rate of interest is six per cent per annum; to take a greater sum is a public offence, punishable in a legal proceeding. That under the constitution, no one’s rights can be taken or affected “but by the judgment of his peers or the law of the land; ” by which is meant a general public law, equally binding, in like circumstances, on every member of the community. That the bank has taken a greater rate of interest than others can take under the general law; and that its charter, permitting it to do so, is a partial lew, and therefore repugnant to the constitution.
In considering this question, it may be observed, that the power to grant corporations is an incident of sovereignty, and belongs to every sovereign State. "With us it is exercised by the Legislature, and it may lawfully confer upon the corporators any rights and privileges it may deem proper and expedient, not inconsistent with the constitution of the Union or the State.
In the present case, the act of incorporation creating a bank, confers upon it such rights and privileges as was deemed necessary and proper for the success of the institution.
It is a jprimate corporation, because private persons are incorporated, and in connexion with the State, are owners of its stock. 2 Kent, 275.
In consideration of the privileges granted by the charter, the bank agrees to pay to the State annually, *119 one half of one per cent on tbe capital stock paid in by the stockholders other than the State. § 11.
The act of incorporation is therefore a contract, founded upon consideration, between the State and the corporators; not, indeed, that any such consideration was necessary to give it that character. And being a contract, investing the corporators with a legal estate in the franchises named in the charter, it is under the protection of the constitution of the United States, and is irrevocable and inviolable by any act of the Legislature of the State, or a convention of the State. This is now a well settled doctrine. Dartmouth College vs. Woodward, 4 Wheaton R., 318. Union Bank vs. The State, 9 Yerg. R., 491.
It is not like an ordinary law prescribing a rule of action, which should be general in its nature, but is a law in the nature of a contract, granting a franchise to the corporators, and investing them with a legal estate therein. It must, of necessity, be limited and restricted in its operation to the persons to whom the franchise is intended to be granted, and denied to Others. Yet, it cannot be deemed a partial law in the sense of the constitution, and repugnant to its provisions. We may observe that the business of banking was a common law right, which any person at his discretion, might lawfully exercise, until it was restrained by the act of 1827, upon considerations of public policy and convenience. Ohio Ins. Co. vs. Merchants Ins. Co., 11 Humph. R., 23.
That law operates as a general prohibition against the exercise of this right, except where it may be granted as a franchise to natural persons or incorporated companies. But it has never been considered that the laws *120 containing these exclusive privileges of banking, are repugnant to the constitution as not being “ lems of ilia land," of general application.
A right to take a greater interest than is allowed by the general law, is a part of the franchise granted to the company; and for its validity must depend upon the same principle as that upon which the corporation itself depends; that is, the inherent power of the State to make the grant. The right to take a greater interest is an exclusive grant • denied to others; and so, the right to pursue the business of banking is in virtue of an exclusive grant, denied to others; and if the one be repugnant to the constitution on the ground that it is not a general law, or “ law of the lemdf so must be the other.
But we have seen that a law creating a corporation and granting a franchise, is more in the natvre of a oonbraot than a “1cm of the land,” in the sense of the constitution.
The one is public, general and equal in its operation, and subject to be altered or repealed at the will of the legislature; while the other is special, exclusive and unequal in its operation; and being in its nature a contract, is not subject to the will or action of the Legislature. In a word, the one is a public law, the other, a legislative grant. And we may observe, that in England corporations are created and may exist by royal charter merely, as well as by legislative grants. 2 Kent., 276.
There was nothing in our State constitution at the date of defendant’s charter, (1832,) which declared that interest shall be at a uniform rate. This provision is *121 contained in the reformed constitution of 1834, and being general and imperative in its terms, it is apprehended that no law or grant of a franchise can have a legal existence, which stands in opposition to it. But it can have no application in the present case; it being of a date subsequent to the grant of the charter; and besides, it contains a provision, that nothing in it shall impair the validity of existing contracts. Article 11, § 2.
.The counsel for the plaintiff have referred to Budd vs. The State, 3 Humph., R., 483. That was an indictment for felony, founded upon a section of the charter of the Union Bank; but the court expressly say that it was not to be regarded as part of the contract between the State and the corporation; but as a statute having no connexion with the charter of the bank. "We do not consider that the principle of that case has any application to the one now before us. It simply decides that a law for the criminal punishment of the officers of a particular bank, is partial in its nature, and not a “law of the land.”
"We are of opinion that the grant in the charter, allowing the bank to take interest at the rate of seven joer cent per annum, in the case specified, is a valid franchise, not repugnant to the constitution.
The decree of the Chancellor will be affirmed.